IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEVIN LAMAR TATE | : | MOTION TO VACATE |
| BOP No. 59416-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:11-CV-4218-CC-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:07-CR-339-CC-ECS |

### FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Kevin Lamar Tate's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." See [Doc. No. 117]. For the following reasons, the undersigned **RECOMMENDS** that Mr. Tate's motion be **DENIED** and that a certificate of appealability be **DENIED**.

Mr. Tate "began his criminal career [in 1993] at the age of sixteen" and over the ensuing decades "escalated from unarmed theft crimes to a series of armed robberies during which he threatened his victims with violence." See United States v. Tate, 583 F.3d 936, 948 (11th Cir. 2009). In 2007, while on probation, he robbed five banks. See id. at 939-41.

The FBI agents investigating the bank robberies first approached Mr. Tate - without an arrest warrant or search warrant - at his apartment, after learning that he was the renter of a car used by the then-unidentified robber to flee one of the banks. Their arrest of Mr. Tate, without exigent circumstances, was found

to be unconstitutional, and certain evidence seized and statements made during that arrest were ultimately suppressed. See [Doc. Nos. 41, 55]. The FBI agents, however, remedied their error by obtaining a search warrant for Mr. Tate's apartment – untainted by the evidence and statements obtained during the illegal arrest - and Mr. Tate was prosecuted based on that material.

Mr. Tate went to trial, and a jury convicted him "of four counts of armed bank robbery, three counts of using a firearm during a crime of violence, and one count of [unarmed] bank robbery." Tate, 586 F.3d at 939. In light of Mr. Tate's criminal conduct and criminal history, the Court imposed a sentence of 946 months. Id. at 945. The Eleventh Circuit determined that sentence to be "substantively reasonable." Id. at 949.

Mr. Tate has now filed a § 2255 motion, raising three grounds, namely, that: (A) "petitioner was denied effective assistance of counsel"; (B) "his arrest was illegal due to failure of federal officers to comply with the provisions of 18 U.S.C. § 3109"; and (C) the federal government "lacked jurisdiction" to arrest and prosecute him. See [Doc. No. 117 at 4-6]. Each of these arguments is meritless, and none requires extended discussion.[1]

---

[1] Mr. Tate asked this Court by letter and motion to consider his § 2255 motion in light of several recent Supreme Court cases. See [Doc. Nos. 123, 124]. None of the cases Mr. Tate cited therein alters the undersigned's findings of fact and conclusions of law.

To demonstrate that he received ineffective assistance of counsel, Mr. Tate bears the burden of alleging and proving "that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521 (2003). Mr. Tate does neither of those things in his § 2255 motion or supporting Memorandum of Law. Rather, Mr. Tate relies upon his conclusory assertion that counsel "omitted the obvious on appeal (and the suppression hearing)" and on his recollection that he and counsel had different "idea[s] of what was the best challenge to the violation of the petitioner's Fourth Amendment challenge." See [Doc. No. 117-1 at 3]. But because Mr. Tate does not identify what he contends his counsel omitted on appeal, or what his different "idea[s]" were, let alone how he was actually prejudiced - given that the Court granted his suppression motion - he has not adequately alleged, let alone demonstrated, that his counsel provided constitutionally ineffective assistance.

---

In particular, to the extent that Mr. Tate raises as a fourth ground for relief a claim under Alleyne v. United States, 133 S. Ct. 2151 (2013) - that he was sentenced on the basis of facts found by a judge rather than by a jury - the record reflects that did not happen. Rather, the Second Superseding Indictment against Mr. Tate specifically references 18 U.S.C. § 924(c)(1)(A)(ii) regarding "brandish[ing]" a firearm during the bank robberies, see [Doc. No. 37 (Counts II, IV, VI & VIII)], and the jury - not a judge - determined as part of its verdict that he was guilty of violating § 924(c)(1)(A)(ii) during three of the robberies, see [Doc. No. 86].

3

Mr. Tate's contention that his arrest violated 18 U.S.C. § 3109 does not warrant relief under § 2255, either.  As noted above, the Court agreed with Mr. Tate that his warrantless arrest violated the Fourth Amendment, and the Court suppressed the evidence and statements obtained pursuant to that arrest.  Mr. Tate ignores the fact that his subsequent convictions were based on evidence gathered legally, pursuant to a valid search warrant supported by independent sources untainted by the illegal arrest.  See, e.g., Segura v. United States, 468 U.S. 796, 813-14 (1984).  Because Mr. Tate was not convicted "in violation of the Constitution or the laws of the United States," 28 U.S.C. § 2255(a), he is not entitled to have his conviction and sentence vacated or set aside on that basis.

Finally, Mr. Tate's arguments that the federal government lacks jurisdiction to arrest and prosecute him for bank robbery and firearms offenses - because "Petitioner's residence was beyond federal jurisdiction," the "claimed crime did not occur on federal land," and federal bank robbery statutes are "not valid," see [Doc. No. 117-1 at 10] – are unsupported by any authority and are wholly frivolous.  In particular, Mr. Tate's attack on 18 U.S.C. § 3231 - which gives federal district courts original jurisdiction over all offenses against the laws of the United States - is one that has been rejected repeatedly, including by other judges of this Court. See, e.g., Stewart v. United States, 2009 U.S. Dist. LEXIS 29325,

4

at *9-10 (N.D. Ga. Apr. 2, 2009); see also United States v. Abdullah, 289 F. App'x 541, 543 n.1 (3d Cir. 2008).

Accordingly, the undersigned **RECOMMENDS** that Mr. Tate's § 2255 motion [Doc. No. 117] be **DENIED**.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Mr. Tate has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable.

The undersigned **RECOMMENDS** that a Certificate of Appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 21st day of November, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEVIN LAMAR TATE | : | MOTION TO VACATE |
| BOP No. 59416-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:11-CV-4218-CC-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:07-CR-339-CC-ECS |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain

error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 21st day of November, 2013.

> *S/ E. Clayton Scofield III*
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE

2