# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KEVIN LAMAR TATE, | : | MOTION TO VACATE |
| BOP No. 59416-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-4218-CC |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:07-CR-339-CC |

## ORDER

This matter is before the Court on a Final Report and Recommendation ("Final R&R") [126] – recommending that federal inmate Kevin Lamar Tate's motion under 28 U.S.C. § 2255 [117] be denied – and Mr. Tate's Objections [127] thereto.

This Court has conducted a "careful and complete review" of the Final R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982) (en banc)). "Parties filing objections must specifically identify those findings objected to." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclus[ory] or general objections need not be considered by the district court." *Id.*

> A party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings the party disagrees with . . . . This rule facilitates the opportunity for district judges to

>spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.

*United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks and citation omitted).

This Court has the discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

In his § 2255 motion, Mr. Tate argued that his counsel provided ineffective assistance by "omit[ting] the obvious on appeal (and [at] the suppression hearing)." [117-1 at 3]. Mr. Tate does not object to the Final R&R's conclusion that he should be denied relief on that ground. Rather, Mr. Tate now contends that his counsel provided ineffective assistance by "not advising him of the collateral consequences he would face" by pleading guilty or by failing to share "any plea which may have been offered by the government." [127 at 1]. Because neither of these ineffective assistance of counsel arguments was presented to the magistrate judge, the Court exercises it discretion to decline to consider them. *See Williams*, 557 F.3d at 1292.

2

Mr. Tate next objects to the Final R&R's conclusion that the evidence and testimony obtained pursuant to his warrantless arrest – which this Court found unconstitutional and suppressed – did not undermine his conviction based on other evidence later gathered legally. *See* [127 at 2]. But Mr. Tate only conclusorily disputes the analysis in the Final R&R, *see* [126 at 4], and "conclus[ory] or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d at 1548.

Thus, as to those portions of the Final R&R to which no specific objection was made, the Court has found no clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1] As to those portions to which specific objection was made, the Court has made "a *de novo* determination." 28 U.S.C. § 636(b)(1)(C); *see also Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (a district judge must "give fresh consideration to those issues to which specific objection has been made by a party").

---

[1] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).

Having conducted that review, the Court concludes that Mr. Tate's objections should be **OVERRULED**, and the Final R&R **APPROVED** and **ADOPTED** as the Order of the Court. As recommended in the Final R&R, Mr. Tate's § 2255 motion is **DENIED**, and a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**, this 3rd day of February, 2014.

                          s/ CLARENCE COOPER
                          CLARENCE COOPER
                          SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)